IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACK D. WISE, | ) | Case No. 5:17 CR 164 |
| | ) | 5:19 CV 463 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United States Code, Section 2255. For the reasons below, Defendant's motion is denied.

I.      **Procedural History**

On May 3, 2017, the Grand Jury returned an indictment against the Defendant for six counts. Counts 1, 2, and 3 charged the Defendant with violations of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). Count 4 charged the Defendant with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). Counts 5 and 6 charged the Defendant with violations of Title 18, United States Code, Section 922(g)(1) and 924(c)(1)(A)(i). (Doc #:1 at PageID#:1-4). On November 17, 2017, the Defendant pled guilty to Counts 4 and 6 of the Indictment pursuant to a written plea agreement. (Doc #:14). On March 29, 2018, the Court

1

sentenced the Defendant to 70 months on Count 4 and 60 months on Count 6 with the terms to run consecutive to each other for a total sentence of 130 months imprisonment. (Doc #: 19). The Defendant did not file an appeal. On February 28, 2019, Defendant filed the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Case: 5:19-cv-00463-DCN, Doc#: 1-1).

In his plea agreement, Defendant reserved the following issues for appeal and post-conviction attack:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. #14: Plea Agreement, PageID 25-35).

## II. Analysis

### A. The Standard for a Section 2255 Motion to Vacate.

Title 28, United States Code, Section 2255, sets forth the four grounds upon which a federal prisoner may base a claim for relief: (1) "that the sentence was imposed in violation of the Constitution or the laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;"

or (4) that the sentence "is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail on a Section 2255 motion, Defendant must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 559 (5th Cir. 1980).

It is well settled that a proper Section 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. In Defendant's Motion to Vacate, he argues that he received ineffective assistance of counsel. Defendant's claims are discussed below.

**B. Ineffective Assistance of Counsel.**

**1. The Standard for Ineffective Assistance of Counsel.**

Defendant alleged that he received ineffective assistance of counsel throughout the case. A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), wherein the Supreme Court formulated the following test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant

3

> makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. In attempting to establish that an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The performance inquiry must consider the prevailing circumstances at the time of trial and should not be conducted in a vacuum. *Id.* at 688.

Judicial scrutiny of counsel's performance "must be highly deferential." *Id.* at 689. A reviewing court should avoid second-guessing counsel and must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id.* at 693. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.*

A defendant who has pled guilty has suffered prejudice when "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, (1985). The prejudice prong requires a defendant to show that there is a reasonable probability the outcome of the plea process would have been different had he received competent advice. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Recent Supreme Court authority has expanded *Hill's* holding in material ways. *Rodriguez-Penton v. United States*, 905 F.3d 481 (6th Cir. 2018). In *Rodriguez-Penton*, the Sixth Circuit found that prejudice may lie, as an element of a claim of ineffective assistance, when his counsel's errors deprived him of the opportunity to make a fully informed choice during the plea process. *Id.* at 488. In *Missouri v. Frye*, the Supreme Court considered how to address prejudice where "[t]he challenge [wa]s not to the advice pertaining to the plea that was accepted but rather the course of legal representation that preceded it with respect to other potential pleas and plea offers." 566 U.S. 134, 141—42 (2012). *Frye* held that, '[t]o establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.*

### 2. No Evidence of Ineffective Assistance During the Plea-Bargaining Process.

Defendant claimed that he was coerced into pleading guilty by his counsel and that if he had elected to proceed to trial, his counsel would make sure that he lost. (Doc. #24-1, PageID #: 148). However, this statement contradicts Defendant's own statements in the plea agreement, statements during the plea colloquy, and the filings in the case. In the plea agreement (Doc. #14),

5

Defendant initialed each page to confirm that he understood and agreed with the terms of the agreement. *Id.* Additionally, directly above Defendant's signature to the plea agreement, it states:

> **Defendant:** I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney. I have initialed each page of the agreement to signify that I understand and approve the provisions on that page. I am entering this agreement voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement.

*Id.,* PageID 35. Defendant's signature acknowledges this provision.

Additionally, the last paragraph to the plea agreement states:

Defendant states that no person has threatened or coerced Defendant to do or to refrain from doing anything in connection with this case, including Defendant's decision to enter a guilty plea. Finally, Defendant acknowledges that this agreement cannot be modified unless in writing and subject to approval by the Court.

*Id.* at 34.

Finally, during the plea colloquy, this Court asked the Defendant if he was threatened or coerced in any way to enter into the plea, and Defendant denied any threat or coercion. Based on this, the Court finds that Defendant entered into the plea voluntarily and without coercion. Defendant's further allegation that counsel would intentionally lose at trial is also unfounded and the Defendant failed to provide any evidence for the allegation in his Motion.[1]

Defendant also alleges that his counsel gave him incorrect advice or did not act in his best

---

[1] Defendant's claim that the plea agreement provided for a 120 month sentence is also incorrect. The parties did not agree on a particular sentence, but rather a guideline range. Defendant pled guilty to Count 6 - Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Count 4 - Possession of 28 or More Grams of Crack Cocaine, with Intent to Distribute. (Doc #: 14, PageID #: 18). Count 6 had a guideline sentence of 60 months.(Id.). Count 4 had a total offense level of 24 with 3 levels subtracted for acceptance of responsibility for a subtotal offense level of 21.(Id.).

interest, but he provides nothing more to explain these unsubstantiated allegations. The sentence that Defendant received with the plea agreement was far less than he was facing if convicted of all of the counts in the Indictment.

The Defendant had visits from counsel and a working phone number both prior to plea and at the time of appeal, and Defense Counsel's heart surgery was not in Counsel's control. Thus, there is no evidence that any of these issues had a prejudicial effect on the Defendant's written plea agreement or time to be served.

Defendant's blanket allegation, without more, does not demonstrate that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Even if the Defendant had demonstrated an error by counsel, he failed to show a reasonable probability that the end result of the criminal process was less favorable as a result of the alleged error. Defendant's counsel negotiated the dismissal of several counts in the indictment that could have carried consecutive prison terms for the Defendant upon conviction if the Defendant had gone to trial. Defendant's claim of ineffective assistance of counsel during the plea negotiation process is without merit.

### 3. Defendant Understood Consequences of Plea.

As stated above, the written plea agreement clearly set forth the terms and conditions of the Defendant's plea. Further, Defendant initialed and signed each page of the plea agreement acknowledging that he understood each and every page of the agreement. Additionally, this Court went through the plea agreement with the Defendant to confirm that he understood all of the terms contained therein. The Court also asked the Defendant, as is its practice in every case, if the Defendant had any questions at all about the agreement prior to receiving his plea of guilty.

Only after the Court was satisfied that Defendant understood all terms of the plea agreement, knew the consequences of pleading guilty, and was doing so voluntarily and of his own free will, did the Court accept Defendant's guilty plea. Based on this, Defendant's argument that he could not have possibly understood or realized the consequences of entering a guilty plea or the written plea agreement is without merit.

### 4. Defendant Signed a Speedy Trial Waiver.

The Defendant claimed that, "during counsel's absence, without petitioner's permission, he waived speedy trial and petitioned the court for a continuance after continuance". (Doc #: 24-1, PageID #: 147). The Defendant's claim is incorrect. The Defendant waived his speedy trial rights orally and in writing. He signed a speedy trial waiver in open court with counsel present, and the Court made an "ends of justice" finding to extend the speedy trial time. (Doc #: 7, Doc #: 8). The written waiver shows counsel's signature along with the Defendant's and the date of the hearing. (Id.). The evidence clearly contradicts the Defendant's position, and no relief is warranted on this basis.

### 5. The Mere Allegation that Counsel Failed to Appeal Upon Defendant's Request is Insufficient with the Record to Create an Issue of Fact.

The Defendant claimed that he asked his counsel to file a notice of appeal and counsel refused. (Doc #: 24-1, PageID #:150). The Defendant further claimed that he had several issues concerning his arrest and injury during his arrest that he wanted to address on appeal. (Id.). The Defendant requested a hearing to adjudicate his ineffective assistance of counsel claims. (Id.). Other than the Defendant's claims in his Motion, there is no evidence in the record that the Defendant requested that his counsel file a notice of appeal.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court explained:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

528 U.S. 470 at 477.

Recently, the Supreme Court held that when an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued, prejudice to the defendant should be presumed with no further showing from the defendant of the merits of his claims even when a defendant signed an appeal waiver in a plea agreement. *Garza v. Idaho*, 586 U.S. ___ (2019).

Mr. Wise's case differs in one critical way from the Defendant's situations in *Flores-Ortega* and *Garza*. In Roe, the Court's decision was based on the reasoning that "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Flores-Ortega*, 528 U.S. 470,477. In this case, however, once Mr. Wise's attorney informed him that he would not be filing a notice of appeal on his behalf, Mr. Wise could no longer reasonably rely on him to file the notice, and he should have petitioned the Court for the appointment of appellate counsel, as he was told he could do.

In *Garza*, the Defendant's attorney told the Defendant that an appeal was problematic because he waived his right to appeal. There is no indication in the Court's opinion that the lawyer told Mr. Garza outright, before the filing deadline for the notice of appeal, that he would not file a notice of appeal on his behalf. In this case, however, Mr. Wise asserts that his own

9

counsel refused, up front, to file any appeal on his behalf. (ECF #24-1, PageID 150). Taking Mr. Wise at his word, this would mean that he was aware of his counsel's position before the time for appeal had closed, and he could have requested that the Court appoint him appellate counsel who would file the notice on his behalf.

Mr. Wise was informed that he had the right to appeal. At his sentencing, the Defendant was informed that he had the right to appeal any sentencing decision made by the Court that was not limited by the written plea agreement, or otherwise. (Doc #: 23, PageID 113). Additionally, if the Defendant wanted to file a notice of appeal and did not have the money to hire a lawyer, the Court would appoint one without cost. (Id.). In a criminal case, a defendant has 14 days in which to file a notice of appeal. (Fed. R. App. P. 4(b)(1)(A)(I)). Upon hearing that his trial counsel was unwilling to file the notice, Mr. Wise could have, and should have immediately sought appointment of appellate counsel or filed a notice of appeal on his own behalf.[2] Even if Mr. Wise had not had time to obtain an appointment prior to the notice deadline, he could have requested a lawyer to help him file a request for delayed appeal, based on his original attorney's failure to file.

### III. Conclusion

Based on the above, the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied regarding the Defendant's

---

[2] Mr. Wise also failed to identify any appealable issue arising from his plea and sentencing. The only potential basis for appeal that he raised in his petition involved alleged issues with his arrest, and specifically, injuries sustained during his arrest. The infliction of injury during an arrest is not a basis upon which a Defendant may appeal his plea and sentence. Mr. Wise did not identify a single factual, legal, or constitutional issue with his plea or sentence that would provide him with a basis for appeal.

claims of ineffective assistance of counsel pertaining to the speedy trial issue and the plea bargaining issue. The Defendant failed to file a notice of appeal within the required 14 days, failed to request the Court to appoint him an attorney to file an appeal, and failed to file a request for a delayed appeal. Therefore, the Defendant's request for a hearing is denied.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 11, 2019